IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAVELLE HENDRIX #20120822094,  )
                                )
        Plaintiff,           )
                                )
v.                              )    No. 12 C 9572
                                )
COOK COUNTY - JAIL/SHERIFF,     )
                                )
        Defendant.           )

## MEMORANDUM ORDER

Lavelle Hendrix ("Hendrix") has submitted a Complaint against the "Cook County - Jail/Sheriff," using the form provided by the Clerk's Office for such filings that seek to invoke 42 U.S.C. §1983 ("Section 1983") and handprinting the information called for in that form. Although many portions of the Judge's Copy delivered to this Court's chambers are so faint as to be barely readable, this Court has reviewed Hendrix' filing as called for by 28 U.S.C. §1915A(a)[1] and issues this sua sponte memorandum order to address some of the problems posed by that filing.

To begin with, the In Forma Pauperis Application ("Application") that Hendrix has also tendered with the Complaint does not conform to the requirements of Section 1915(a)(2). Although the printout of transactions in Hendrix' trust fund account at the Cook County Jail properly begins with his

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

August 22, 2012 arrival there, the last entry on the printout is dated October 16 (Hendrix has dated the Application itself as having been signed on October 31, the same date that was listed by the jail official who signed the accompanying certificate). With the Complaint bearing a November 30 "received" stamp from the Clerk's Office, Hendrix must supplement his earlier filing with a printout that also covers the time frame from October 16 through the end of November.

Next, 42 U.S.C. §1997e(a) establishes a precondition to any action complaining of prison conditions under Section 1983--it bars any such action "until such administrative remedies as are available are exhausted." Here Complaint ¶IV states in part (copied verbatim):

> Grivences were filed and no disspliminary action were taken.

That conclusory characterization does not suffice to meet the statutory requirement established by Congress. Accordingly Hendrix is further ordered to submit, as exhibits to the Complaint, copies of any documents that reflect the grievances that he filed and any action that was taken on them.[2]

No further action will be taken by this Court pending its

---

[2] This Court is transmitting a copy of this memorandum order to the Cook County State's Attorney, with a request that it provide the grievance material referred to in the text, a task that should be easier for that office than for Hendrix to discharge.

receipt of the information called for here. In particular, this memorandum order does not provide a ruling either way as to the possible dismissal of the action under Section 1915A(b).

_____
Milton I. Shadur
Senior United States District Judge

Date: December 6, 2012